THOMAS PAUL PRUST,

        Plaintiff,

                         Case No. 26-cv-1173-pp

   v.

ROCKET MORTGAGE, LLC; MR. COOPER;
NATIONSTAR MORTGAGE, LLC;
EAST WISCONSIN SAVINGS BANK;
EWSB BANCORP, INC.; CARRIE A. SCHNEIDER;
EMILY I. LONERGAN; SHERIFF CLINT C. KRIEWALDT;
SARA R. VAN CAMP; BARB A. BOCIK; KELLY M. SMITH;
PHILLIP A. NORMAN, PC; TOM VAN ASTEN;
313 PROPERTIES, LLC; LC IMPROVEMENTS, LLC;
LUCAS J. PEETERS; SARAH PEETERS;
SCORE REALTY GROUP, LLC;
GUARANTY CLOSING & TITLE SERVICES, INC.;
INLANTA MORTGAGE, INC.; NOVUS HOME MORTGAGE;
IXONIA BANK; NHM GROUP, LLC;
AUCTION.COM and JOHN/JANE DOES 1-50,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PRESERVATION ORDER AND EXPEDITED HEARING (DKT. NO. 3), SCREENING COMPLAINT AND DISMISSING CASE**

---

On July 2, 2026, the plaintiff, representing himself, filed a complaint regarding a foreclosure. Dkt. No. 1. With the complaint, the plaintiff filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. The plaintiff also filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction," a "Motion for Preservation Order" and a "Motion for Expedited

1

Hearing." Dkt. No. 3. With the motions, the plaintiff filed two supplements. Dkt. Nos. 4, 5.

This order grants the motion to proceed without prepaying the filing fee, screens the complaint and dismisses the case for lack of subject-matter jurisdiction and denies the remaining motions.

## I.  Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The plaintiff's request to proceed without prepaying the fee states that he has no dependents. Dkt. No. 2 at 1. The plaintiff asserts that he receives $6,500 a month from Social Security and retirement. Id. at 2. He reports monthly expenses of $4,990. Id. at 2–3. He lists $540 for a car payment, $4,000 for "medical for diabetes" and $450 "health all natural supp." for "diabetic for spouse" (although the plaintiff's request states that he is not married). Id. at 2–3. The plaintiff writes that he owns a 2018 Chevy Silverado, but he does not know how much it is worth. Id. at 3. The plaintiff states that he does not know if he owns his home. Id. The plaintiff says that he has bank accounts but that he does not know how much money is in them. Id. The plaintiff writes that he is almost bankrupt. Id. at 4. Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee and will grant his motion.

The plaintiff should be aware that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original). When a court grants a motion allowing a person to proceed without prepaying the filing fee, it means only that the person does not have to pay the full filing fee up front; the person still owes the filing fee.

## II.    Screening the Complaint

### A.    Standard for Screening Complaint

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

3

when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

B.  Allegations in the Complaint (Dkt. No. 1)

The plaintiff names as defendants twenty-four named individuals and fifty John Does. Dkt. No. 1 at 1–2. He alleges:

> "On Oct 19, 2021 Thomas P. Prust was forced to sign 2 PN. coerced" On Oct 18, 2021 Did I, Jennifer-Betina: Krosechwski witness closing which turned out to be very disturbing event as I, JBK Asked if they Participated in TilA, this involved Guaranty Title Co. Andrew Horan, Kent Sova Inlanta MRTG, Sandy Dwyer, (Lucas J. Peeters was not there) He signed the warranty Deed on 10-15-2021 Without Thomas knowing + it was notarized by Rebekah Stahl w/ an unusual signature as "ROOOStahl" Ken had to teach Thomas how to write an Affidavit on his own stationary + for the fdcPA Advocate Tori D. Martin to send in as well to proceed the next day on 10-19-2021. Someone had sent us the RKG. ON 12-03-21 w/All of this info. trying to tell us something. On April 27, 2023 Did we receive a Notice from Homepoint with a canceled Certified funds stamped received April 27, 2023 w/ MICR on "Back" from Huntington National Bank. We have well over 33 BIC Accounts all Revolving EWSB holding All 4 Allege Loan #s, we have tried Two (2) hearings 1 on 4/17/2025, Removed to federal under Civil Rights on June 17, 2025 and then remanded by 7-25-25. on June 26, 2025 was JBK @ main Post Office to witness A woman screaming @ Keith the supervisor that she is in protective custody + I could be murdered for this. As of Nov. 21, 2025 JBK. Identified the Clerk as the ROD.
> This whole MRTG. Mess is B/c I, JBK called the ROD + Asked if there is anything on the record besides the PMM+WD. The clerk said No within 8 days Assignment was Drawn 12/20/2024, filed 12/26/2024 Thomas served 01/17/2025.

Id. at 3 (as in original).

The plaintiff marks that he is suing under both federal and state law. Id. at 4. He writes that he does not know the money at stake in the case: "Unknown as of July 2, 2026 Due to mass Id. theft Mass 'BIC accounts.'" Id.

In the "Relief Wanted" section, the plaintiff writes:

> A full investigation into the Indiana Attorney Phillip A. Norman Kelly M. Smith, ROD withholding the MORTGAGE of Satisfaction, Emily I. Lonergan striking all Doc. Pleading not allowing the witness To speak "JBK," but sending hearing notices. See June 17, 2026. Defendant Emergency Objection, June Certificated Sec. w/ PN. Thomas Paul Prust requires all Derivative, Rights Titles, A clear chain of title to his homestead. See 2023–2025 Forensic Audits Investigation who has completely sabotage his IRS Portal + Are using his CAF No. 3 mutual funds, Thomas everthing that has been done to him and his good name and All false claims to be expunged.

Id. at 4.

The plaintiff also attached nearly 250 pages of various documents related to his home and foreclosure proceedings. Dkt. No. 1-1.

C.     Analysis

The court cannot tell from the plaintiff's complaint what he wants the court to do. It appears that the plaintiff is in a dispute regarding his home, but the court cannot tell what that dispute is or what the plaintiff wants the court to do about it. The plaintiff's motion for a temporary restraining order provides a bit of clarification because it is easier to understand than his complaint. Dkt. No. 3. In the section where he argues he is likely to succeed on the merits, the plaintiff writes:

> Plaintiff challenges the sale, confirmation, deed, and writ process on several independent grounds: removal jurisdiction; lack of notice; two sale dates; wrong-county publication; missing receipt/payment proof; late third-party bidder declaration; insider-purchaser conflict; unresolved lender substitution; creditor standing and post-transfer authority; Register of Deeds and note-chain irregularities; bank-control conflict evidence; and due-process violations. Any one of these defects warrants status quo relief. Taken together, they show that irreversible deed and eviction enforcement should not proceed until the complete record is produced.

5

<u>Id.</u> at 5. Although the complaint itself does not make this clear, it appears that the plaintiff wants the court to stop the foreclosure and sale of his home because of various issues.

The plaintiff cannot proceed with this case because this federal court does not have jurisdiction. Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal Constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331. Federal courts cannot consider and decide lawsuits alleging violations of state law unless the plaintiff lives in a different state from every defendant (and the amount of claimed damages exceeds $75,000), or unless the state-law claims relate to a federal claim.

The plaintiff marked that he is suing over a violation of federal law under 28 U.S.C. §1331, though he does not identify the law or laws he believes the defendants violated. There are several federal laws that regulate mortgages and foreclosure in certain circumstances. These include laws like the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), the Dodd-Frank Act and the Servicemembers Civil Relief Act. The plaintiff mentions TILA, but does not explain what the defendants did that he believes violated TILA, or whether TILA applies to him. He also mentions the FDCPA (the Fair Debt Collections Practices Act), but again does not explain what he believes the

defendants did that violated that statute or whether the statute applies to his situation. Without clear evidence that the plaintiff is suing under a federal law, the court cannot conclude that it has federal question jurisdiction.

The court also cannot determine whether it has diversity jurisdiction. For a federal court to have diversity jurisdiction, "the plaintiff must differ in citizenship from each defendant—the rule of 'complete diversity'—in order for subject matter jurisdiction to exist under § 1332." Eichmann v. Hunter Automated Machinery, Inc., 167 F. Supp. 2d 1070, 1071–72 (E.D. Wis. 2001) (citations omitted). The plaintiff asserts that he is a citizen of Wisconsin, but he does not allege the citizenship of any of the numerous defendants. Dkt. No. 1 at 1–2. He also does not assert an amount in controversy. Id. at 4. Because the plaintiff has not demonstrated that this court has either federal question or diversity jurisdiction, the court must dismiss his case for lack of jurisdiction.

Even if the plaintiff had alleged a violation of federal law or properly asserted diversity jurisdiction, the plaintiff's claims would likely be barred by the Rooker-Feldman doctrine. "Under the *Rooker–Feldman* doctrine, lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments." Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482–86 (1983)). "*Rooker–Feldman*, therefore, requires a party seeking review of a state court judgment or presenting a claim that a state judicial proceeding has violated their constitutional rights to pursue relief through the state court

7

system and ultimately to the Supreme Court." Id. (citing Centres, Inc. v. Town of Brookfield, 148 F.3d 699, 701–02 (7th Cir. 1998)). The plaintiff appears to want the court to invalidate the foreclosure and forced sale of his home that resulted from the proceedings in Nationstar Mortgage, LLC v. Prust, Outagamie County Case No. 2025CV000044 (available at https://wcca.wicourts.gov/). The Rooker-Feldman doctrine prohibits this federal court from doing so.

Judge Byron C. Conway reached the same conclusion in the plaintiff's last federal case. In the summer of 2025, the plaintiff attempted to remove his state court case to federal court in Prust v. Nationstar Mortgage LLC, Case No. 25-cv-865-BBC (E.D. Wis.). The plaintiff asked the court to enjoin the state court proceedings and vacate the judgment against him. Id., Dkt. Nos. 1, 2. Judge Conway explained that the Rooker-Feldman doctrine prevented the court from doing so. Id., Dkt. No. 8 at 2–3. Judge Conway dismissed that case and denied the accompanying motions for injunctive relief. Id. at 3.

Although courts generally give civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion *ex rel* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). It would be futile to allow the plaintiff to file an amended complaint because the relief he seeks is incompatible with the Rooker-Feldman doctrine. The plaintiff must seek relief in state court.

8

Additionally, because the court lacks jurisdiction over this case, it must deny the plaintiff's motion for temporary restraining order, preliminary injunction, preservation order and expedited hearing. Dkt. No. 3.

### III.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** because the court lacks subject-matter jurisdiction. The clerk will enter judgment accordingly.

The court **DENIES** the plaintiff's motion for temporary restraining order, preliminary injunction, preservation order and expedited hearing. Dkt. No. 3.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend the deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief

9

from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 6th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

10